{¶ 29} I respectfully dissent, because appellant's right to counsel has been rendered meaningless by the majority opinion.
 {¶ 30} If appellant's right to counsel means anything, it means that she has a right to confer with her counsel at every significant stage of the proceeding. After all, R.C. 2151.352
provides that appellant shall be entitled to have legal counsel present "at all stages of the proceedings." Though appellant's meeting with the social worker where she signed the permanent surrender form was not a formal judicial proceeding, the agreement was subject to judicial approval,[4] which means that the juvenile court must scrutinize the regularity of the meeting with the social worker. The record does not show that any such scrutiny took place, especially as regards appellant's right to have her counsel present.
 {¶ 31} In this case, the most significant act performed by appellant was when she signed the voluntary surrender of rights form at the social worker's office. She did this without her counsel being present. She now faces the consequences of signing that form without her counsel present, and the judicial system is willing to ratify that uncounselled act. I believe this is fundamentally wrong and that she should be given another chance to review that form, this time with her counsel present. As this court recently stated:
 {¶ 32} "[W]hen the state initiates a permanent custody proceeding, parents must be provided with fundamentally fair procedures in accordance with the due process provisions under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."[5]
 {¶ 33} The fact that appellant appeared in court five days later and acknowledged that she had signed the voluntary surrender of rights form is of no consequence, in my opinion. She had a right to counsel at the critical time she was making a decision whether to give up her children, and the fact that she acknowledged signing the form five days later does not correct that wrong that has occurred. She had a right, at the time of making this important decision, to make a knowing and informed choice and have the consequences of her act explained to her.[6] If her counsel was not present at that time, then, by definition, her choice was not knowing and informed.
 {¶ 34} All parties agree that there should be adequate safeguards to ensure that a mother who is signing away her rights to her children is making a knowing and informed decision to do so. Appellee has recognized as much, because it made appellant sign a form that says she has a right to confer with her counsel, but that, if she declines to do so, she is permanently surrendering all her rights to parent her children. Knowing that the right to counsel is important and knowing that appellant was represented by counsel, it is not too much to ask that the social worker contact appellant's attorney before she proceeds to have the mother sign the most important form she will ever sign in her lifetime. As a matter of conscience and fundamental fairness, I am disturbed that the judicial system can sanction this kind of procedure that renders appellant's right to counsel meaningless.[7]
 {¶ 35} Just as the United States Supreme Court in Wong Sunv. United States[8] excluded an illegally obtained statement as the "fruit of the poisonous tree,"[9] so too, in this case, I would nullify the permanent surrender form signed by appellant, and would reverse and remand this matter to the juvenile court to allow appellant to consider the permanent surrender form, with her counsel present when she does so.
[4] R.C. 5103.15(B)(1).
[5] In re Sheffey, 11th Dist. No. 2005-A-0063, 2006-Ohio-619, at ¶ 21.
[6] In re Plumley, 11th Dist. No. 2003-P-0120,2004-Ohio-1161, at ¶ 25.
[7] See, generally, Mathews v. Eldridge (1976), 424 U.S. 319,333.
[8] Wong Sun v. United States (1963), 371 U.S. 471.
[9] Id. at 488.